### WEST v. FLORIDA PUBLISHING CO., et al.
No. 67-9280.

Circuit Court, Duval County.

December 20, 1967.

William Nussbaum of Goldman, Presser & Lewis, Jacksonville, for plaintiff.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for defendant.

WILLIAM L. DURDEN, Circuit Judge.

This cause is before the court upon defendant's motion to dismiss the complaint for failure to state a cause of action. The authorities that exist in this field are infinite and the various quotations and citations that could be made are endless. There are, however, three authorities which the court believes to state simply the question pending before it now on the issue of sufficiency of the complaint and which indicate the action required of the court.

The first of these authorities is contained in §76, *Libel and Slander,* in 20 Florida Jurisprudence at page 600. It is there stated as follows —

> "It is recognized, therefore, that a candidate for office puts the character of his fitness, ability, and qualifications for the office in issue. His conduct and acts, whatever they may be, may be freely commented on and boldly censured. The mere injustice of criticism made of his real acts or conduct, is no ground of recovery for an action for defamation, whether such harsh criticism is made by a newspaper, by a voter, or by any other person having an interest in the election. No malice is implied in such a case. But defamatory assaults made on the private character of a candidate cannot be justified on the ground of criticism and are not privileged regardless of the presence of good faith and reasonable belief."

The second of such authorities is the United States Supreme Court opinion in the case of Associated Press v. Walker (1967) 388 U.S. 130, 18 L.Ed. 1094. It is believed that this case states most precisely the present status of the law on this subject. It is there stated —

> "That is to say, such officials were permitted to recover in libel only when they could prove that the publication involved was deliberately falsified, or published recklessly despite the publisher's awareness of probable falsity."

The third authority is contained in the order of Judge Henry F. Martin, Jr. of this court entered on October 31, 1967 in the case of Barney F. Cobb v. Florida Publishing Co., case no. 67-7018 where, in a similar case, he said —

"The complaint in its present form affirmatively discloses that the newspaper publication in question applies to a public official and purports to be quoting a certain factual account given the newspaper reporter by a third person. In addition, the newspaper publication in question appears to contain a comment by the publisher based upon the facts supplied by the third person.

"It affirmatively appears from the complaint in its present form that the newspaper publication in question is qualifiedly privileged since no factual matters are alleged which would cause the qualified privilege to be inoperative or lost. Therefore, in order to state a cause of action the complaint must allege facts which negate the existence of the qualified privilege or allege the portions of said article which plaintiff contends are false and further allege that said newspaper article was published with actual malice on the part of the defendant or with reckless disregard as to whether it was false or not. Thus, the complaint fails to state a cause of action in its present form."

These authorities, together with the others which have been considered seem to say that where it is apparent from the papers filed with the complaint or from the language of the complaint itself that the plaintiff is a public official or a public figure, it then becomes his duty to allege facts sufficient to comply with the language quoted from the Associated Press case. As is stated in that case such officials may recover *only* when *"they could prove* that the publication involved was deliberately falsified or published recklessly despite the publisher's awareness of probable falsity". Because this case says that it is the duty of the plaintiff to prove it, it therefore necessarily follows, as the night must the day, that it is his duty to allege it.

It is therefore ordered that — (1) Plaintiff's complaint be and the same is hereby dismissed. (2) Plaintiff is allowed ten days within which to file an amended complaint. (3) Defendants are allowed ten days after receipt of a copy of such amended complaint within which to plead as they may be advised.